[Civ. No. 5178.    Second Appellate District, Division One.—August 21, 1925.]

GEORGE W. OGDEN, Petitioner, v. THE BOARD OF TRUSTEES OF THE CITY OF COLTON (a Municipal Corporation) et al., Respondents.

[1] ELECTIONS — SUFFICIENCY OF RECALL PETITION — CERTIFICATE OF CITY CLERK—CERTIORARI.—Proceedings for the recall of municipal officers are directly authorized and defined by "An act to provide for the recall of elective officers of incorporated cities and towns," approved January 2, 1912 (Deering's General Laws, 1923 ed., Act 5620); and, as the action required of the city clerk, by that act, in determining whether or not a petition filed in the office

74 Cal. App.—11

of said clerk for the recall of certain trustees of said city is sufficient to authorize a recall election, is not judicial in character, *certiorari* will not lie to review his decision.

(1) 11 **C. J.**, p. 124, n. 25.

APPLICATION for a Writ of ·Certiorari to annul the certificate of a city clerk certifying to the sufficiency of ·a recall petition. Denied.

The facts are stated in the opinion of the court.

D. A. Rothrock for Petitioner.

No appearance for Respondents.

·CONREY, P. J.—This is an application for a writ of *certiorari,* whereby petitioner seeks to annul a certificate made by the city clerk of the city of Colton, certifying to the sufficiency of a petition for the recall of George W. Ogden and Walter H. Evans as members of the Board of Trustees of said city, which city is a municipal corporation of the sixth class. The parties to this proceeding are identical with those named in Civil No. 5175, *ante,* p. 159 [239 Pac. 855], except that the city clerk is named as an additional party herein. The petitioner in No. 5175 applied for a writ of prohibition to prevent the Board of Trustees from calling the proposed recall election. It was alleged in both petitions that unless prevented by order of this court, the Board of Trustees, at its meeting on August 19, 1925, would proceed to call said recall election.

In said case No. 5175 this court, on the morning of August 19th, denied the petition, for reasons which appear in the opinion in that case this day filed. Thereupon, and on the same day, the petitioner filed his petition for writ of *certiorari* to be issued herein, and thereby sought to obtain not only a review of the certificate made by the city clerk, but incidentally to obtain forthwith, as a part of said writ of review, an order restraining the Board of Trustees from proceeding with the recall election. The urgency for immediate action on the petition was such that, in compliance with the desire of the applicant for immediate action, we made our order herein on that day. The petition was de-

nied. In accordance with our assurance to counsel at that time, we make this statement of the case and of the grounds of decision:

The first ten paragraphs of the petition herein are identical with the petition for prohibition in said case No. 5175. The additional paragraphs 11 and 12 in some respects differ from the other petition. In so far as the facts alleged in the present petition apply only to the question of the right to a writ of prohibition, we consider them governed by our disposition of said case No. 5175. It is only necessary to deal with this petition as one praying for a writ of review to be directed to the city clerk for the purpose of determining whether he has exceeded his jurisdiction in the exercise of some function of a judicial nature.

[1] Proceedings for the recall of municipal officers are directly authorized and defined by "An act to provide for the recall of elective officers of incorporated cities and towns," approved January 2, 1912. (Deering's Gen. Laws, 1923 ed., Act 5620.)

In *Wright* v. *Engram,* 186 Cal. 659 [201 Pac. 788], the supreme court had before it an application for a writ of *certiorari* to review the action of the defendant as city clerk of the city of Redding in determining that a petition filed in the office of said clerk for the recall of certain trustees of said city was sufficient to authorize a recall election as provided in the same statute under which the present recall proceedings have been instituted. The court held that the action required of the clerk by that act is not judicial in character and that consequently *certiorari* would not lie to review his decision. Upon that sole ground the application for the writ was denied. With that definite authority before us we could not do otherwise than deny the petition for a like writ in this case.

Curtis, J., concurred.