[Civ. No. 5175.  Second Appellate District, Division One.—August 21, 1925.]

GEORGE W. OGDEN, Petitioner, v. THE BOARD OF TRUSTEES OF THE CITY OF COLTON (a Municipal Corporation) et al., Respondents.

[1] PROHIBITION—DENIAL OF WRIT BY SUPERIOR COURT—DUPLICATE APPLICATION IN APPELLATE COURT.—Where a proceeding in prohibition has been instituted in a superior court and the writ denied, the district court of appeal will not issue the writ on a duplicate petition filed therein for the purpose of invoking the original jurisdiction of that court in such matter.

[2] ID. — RIGHT OF APPEAL — SUBSTITUTION OF NEW APPLICATION—JURISDICTION.—It is contrary to the policy of the law and to the principles of orderly procedure, that a party who has invoked the jurisdiction of one court, and who has a right of appeal to a higher court, should be permitted to substitute for such appeal a second and like application to the higher court of original jurisdiction.

---

(1) 32 Cyc., p. 614, n. 2.    (2) 15 C. J., p. 1134, n. 58.

1.  See 21 Cal. Jur. 625.

APPLICATION for a Writ of Prohibition to prevent the calling of a recall election. Denied.

The facts are stated in the opinion of the court.

D. A. Rothrock for Petitioner.

No appearance for Respondents.

CONREY, P. J.—By petition filed herein on the eighteenth day of August, 1925, petitioner applied for a writ of prohibition, to be directed to the Board of Trustees of the City of Colton and the members of said Board, to prevent them from calling a recall election against petitioner and Walter H. Evans as members of said Board of Trustees.

It was alleged by petitioner that by reason of certain defects in the recall petition and by reason of certain other matters in connection therewith, the Board was without jurisdiction to call or hold such recall election, but that, nevertheless, the said Board, unless prohibited from so doing, would, at its meeting on the evening of August 19, 1925, proceed to call said recall election.

It was further stated in the petition that on August 17, 1925, the petitioner presented to the superior court in and for the county of San Bernardino a petition similar in form and substance to the petition herein, but that said court denied said petition.

The petition herein having been presented by counsel for petitioner and considered by the court, an order was made on August 19, 1925, denying the application. By reason of the necessity for an immediate disposition of the matter, the order was made in advance of a written opinion or statement of grounds of the decision. In conformity with the desire of counsel, we make that statement now.

[1] It is a long-established rule that where a proceeding of this nature has been instituted in a superior court and the writ denied, this court will not issue the writ on a duplicate petition filed here for the purpose of invoking the original jurisdiction of this court in such matter. "Under the constitution of this state, this court has appellate jurisdiction in prohibition, and while it also has original jurisdiction in such proceedings, it will not exercise the same

where the petitioner possesses the right of appeal from a judgment had in the court where the original proceeding was commenced." (*Matter of Application of Burt for Writ of Prohibition*, 17 Cal. App. 309 [119 Pac. 674]; *Wood* v. *Board of Fire Commissioners*, 50 Cal. App. 593 [195 Pac. 739].) **[2]** It is contrary to the policy of the law and to the principles of orderly procedure, that a party who has invoked the jurisdiction of one court and who has a right of appeal to a higher court, should be permitted to substitute for such appeal a second and like application to the higher court as a court of original jurisdiction. If such repeated applications were recognized, it would follow, on the same principle, that on denial of the application made to this court, the dissatisfied petitioner could immediately be permitted to apply to the supreme court and perhaps obtain from that court the original writ which he desires, instead of applying to the supreme court in due course for a rehearing of this present proceeding. We think that it is not to be permitted that a litigant should thus experiment with the several courts in respect to their concurrent original jurisdiction.

In view of the opinion held by us on the point above stated, the petition was denied without regard to its possible merits in other respects.

Curtis, J., concurred.