[Civ. No. 30964. First Dist., Div. One. May 17, 1972.]

LEO CASTANEDA, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO JUDICIAL
DISTRICT OF THE CITY AND COUNTY OF SAN FRANCISCO,
Respondent;
THE PEOPLE, Real Party in Interest.

590

**COUNSEL**

John D. Spyromilios for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Robert R. Granucci and Ronald E. Niver, Deputy Attorneys General, for Respondent and Real Party in Interest.

**OPINION**

**MOLINARI, P. J.**—Petitioner seeks a writ of prohibition to restrain respondent municipal court from proceeding with a criminal action brought

against him. An alternative writ of prohibition was issued by this court directing that respondent show cause why it should not be permanently restrained from proceeding against petitioner.

On June 25, 1971, petitioner was arraigned and pleaded not guilty to violation of section 415 of the Penal Code[1] (disturbing the peace). He requested a jury trial and the cause was continued to July 7, 1971. On that date petitioner did not personally appear but his counsel appeared on his behalf. The trial judge ordered petitioner's bail forfeited because of his failure to appear, directed the issuance of a bench warrant for petitioner's arrest and ordered the action to be removed from the calendar. Petitioner sought a writ of habeas corpus in the superior court. This petition was denied. He then sought a writ of habeas corpus in the Court of Appeal. The writ was granted and, on October 22, 1971, the bench warrant was recalled and petitioner was restored to bail.

On November 3, 1971, petitioner moved to dismiss the action pursuant to section 1382, and on that date the motion was denied. The case was set for trial for November 8, 1971. Petitioner then sought a writ in the superior court to restrain the municipal court from proceeding with the trial. The superior court denied the petition for such writ on January 25, 1972. The instant proceedings then ensued.

We consider, preliminarily, the question whether petitioner, having invoked the jurisdiction of the superior court, should be required to pursue his remedy of appeal from the order of denial rather than being permitted to file a similar petition in the appellate court in lieu of such an appeal.

Petitioner asserts that prohibition lies because the remedy by appeal is inadequate in that by the time such an appeal has been perfected the threatened action will have been completed. (See *Caputo* v. *Municipal Court,* 184 Cal.App.2d 412, 420-421 [7 Cal.Rptr. 435]; *Patterson* v. *Municipal Court,* 232 Cal.App.2d 289, 293-294 [42 Cal.Rptr. 769].) Neither respondent nor the real party in interest contest this assertion, and no contention is made by respondent and real party that petitioner has a plain, speedy and adequate remedy in the ordinary course of law.

Although there is authority to the effect that where a proceeding in prohibition has been instituted in a superior court and the writ denied, the Court of Appeal will not issue the writ on a duplicate petition filed therein for the purpose of invoking the original jurisdiction of that court in such matter (*Ogden* v. *Board of Trustees,* 74 Cal.App. 159, 160-161 [239 P. 855]; *Lambert* v. *Municipal Court,* 174 Cal.App.2d 601, 602

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

[345 P.2d 98]; *Blumenthal* v. *Municipal Court,* 176 Cal.App.2d 865 [1 Cal.Rptr. 757]), it is provided by statute and recognized by decisional law that prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy and adequate remedy in the ordinary course of the law and when the proceedings of the court are without or in excess of its jurisdiction. (Code Civ. Proc., §§ 1102, 1103; *Hagan* v. *Superior Court,* 53 Cal.2d 498, 501 [2 Cal.Rptr. 288, 348 P.2d 896]; *Caputo* v. *Municipal Court, supra,* 184 Cal.App.2d 412, 420.)

We observe, moreover, that in criminal cases there is a strong public interest in avoiding personal hardship on a defendant, in avoiding the waste of time and expense involved in a futile trial and appeal, and in securing a prompt determination of the important issues which arise in criminal prosecutions. (See *Moore* v. *Municipal Court,* 170 Cal.App.2d 548, 552 [339 P.2d 196]; *Patterson* v. *Municipal Court, supra,* 232 Cal.App.2d 289, 294; Witkin, Cal. Criminal Procedure (1963) § 780, pp. 755-756; 5 Witkin, Cal. Procedure (2d ed. 1971) § 40, pp. 3814-3815; see *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 466 [171 P.2d 8].) Accordingly, prohibition will issue in a criminal case on a showing of excess of jurisdiction, i.e., where the court acts without or in excess of its defined powers. (*Caputo* v. *Municipal Court, supra,* 184 Cal.App.2d 412, 420; Witkin, Cal. Criminal Procedure, *supra,* at p. 756.)

 In any event, the inadequacy of the remedy of appeal may be determined in each case in the discretion of the reviewing court (*Rescue Army* v. *Municipal Court, supra;* Witkin, Cal. Criminal Procedure, *supra,* § 780, pp. 756-757), and the issuance of an alternative writ and order to show cause in any case conclusively determines inadequacy of the appellate remedy for that case. (*Caputo* v. *Municipal Court, supra,* at p. 421; *City & County of S. F.* v. *Superior Court,* 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294]; *City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 429 [333 P.2d 745].) Accordingly, when a court has issued an alternative writ, as we have done here, a decision will be rendered on the merits even though it may later appear that the case is one where the remedy by appeal was adequate and the writ should not have been issued. (See *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 483 [171 P.2d 21, 166 A.L.R. 701]; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704]; *Caputo* v. *Municipal Court, supra;* and see 5 Witkin, Cal. Procedure (2d ed. 1971) § 44, pp. 3817-3819.)

Adverting to the merits of the case we note, initially, that section 1382, in pertinent part, provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . .

3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, . . ."

Petitioner asserts that the sole reason for the delay in bringing him to trial were the matters and proceedings attendant the order forfeiting his bail and directing that a bench warrant be issued for his arrest. Respondent and real party in interest do not refute this contention, but assert that petitioner waived his right to a speedy trial by his failure to object to respondent's failure to set a trial date within the time provided for in section 1382 and his failure to make a timely motion to dismiss.

■ Under section 1382, subdivision 3, a defendant in a misdemeanor case has the right to be tried within 30 days after he is arraigned if he is in custody or within 45 days after arraignment if he is not in custody or within 10 days after the last date to which he consents that the cause be continued beyond such 30- or 45-day period, unless the prosecutor or the court shows good cause for further delay. (*People* v. *Wilson,* 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452]; *People* v. *Katzman,* 258 Cal. App.2d 777, 788 [66 Cal.Rptr. 319].)

The basic policy underlying the constitutional and statutory guarantee of a right to a speedy trial is to protect the accused from having criminal charges pending against him an undue length of time and to protect the accused from delay in bringing him to trial caused either by willful oppression, or the neglect of the state or its officers. (*People* v. *Wilson, supra,* 60 Cal.2d 139, 148.) "The determination whether there has been a speedy trial in the constitutional sense depends on the circumstances of each case bearing on the good cause for the delay in bringing the defendant to trial. [Citations.] Accordingly, where there has been an extended delay the burden is on the prosecution to show that good cause for the delay in fact existed. [Citation.]" (*People* v. *Superior Court,* 3 Cal.App.3d 476, 487-488 [83 Cal.Rptr. 771].)

■ The right to a speedy trial may be waived, and it will be deemed waived unless the defendant *both* objects to the date set and thereafter files a timely motion to dismiss. (*People* v. *Wilson, supra,* 60 Cal.2d 139, 146.) The objection must be made at the time a cause is set for trial beyond the statutory period or, if he has consented to a date beyond the statutory period, at the time the cause is continued to a date beyond the date to which he last consented. (See *People* v. *Wilson, supra,* at p. 145; *People* v.

*Katzman, supra,* 258 Cal.App.2d 777, 788.) If he fails to object he is deemed to have consented to the delay. (*People* v. *Wilson, supra,* at p. 146.)

In the instant case petitioner, who was not in custody at the time of his arraignment on June 25, 1971, was entitled, in the absence of his consent, to be tried within 45 days from said date. No trial date was set within that time. Instead, on July 7, 1971, the date to which the cause had been continued, the court ordered the matter off calendar because the petitioner failed to appear personally, although he did appear by counsel. Under section 977, subdivision (a), an accused who is charged with a misdemeanor only may appear by counsel. This provision was apparently the basis upon which the Court of Appeal ordered respondent to restore petitioner to bail and to recall the bench warrant for his arrest for failure to appear on July 7.

We perceive, initially, that the failure to set the cause for trial within the 45-day period was not the result of any act or conduct of petitioner, but resulted solely from the trial court's error in concluding that petitioner's personal presence was required on July 7. As we view the posture of the case, at that time the court could have set a trial date since it had petitioner before it through the presence of his counsel. ■ Since the court did not set a trial date, but instead ordered the cause off calendar, there was no obligation upon defendant to object. Such an objection was called for only if the cause was set for trial beyond the statutory period.

The first date on which the court called the case for the setting of a trial date was November 3, 1971, at which time the case was set for trial for November 8, 1971. The failure to set an earlier trial date was not due to any act of petitioner but resulted solely from the neglect of the state and its officers. ■ The record is unclear whether petitioner made a formal objection on November 3 to the setting of the trial on the basis that the prescribed statutory period had elapsed, but such an objection is implicit in view of petitioner's motion to dismiss which was made at the time respondent was setting a date for trial. In essence petitioner objected to the setting of a trial date beyond the statutory period and also moved to dismiss the action on said ground at the same time. We conclude, therefore, that there was a timely objection and a timely motion to dismiss, and that when the cause was set for trial for November 8, 1971, said date was beyond the statutory period provided for in section 1382.

Let a peremptory writ of prohibition issue restraining respondent municipal court from any further proceedings in the action entitled "People of the State of California v. Leo Castaneda," being criminal action No. G 46684

in said municipal court, except to vacate the order heretofore made denying the motion of defendant therein to dismiss said action and to enter an order of dismissal.

Sims, J., and Elkington, J., concurred.