[No. B017942. Second Dist., Div. Four. Oct. 16, 1986.]

MARVIN LAVELLE BRYANT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Jill Lansing and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Harry B. Sondheim, Eugene D. Tavris and Lorraine Silvers, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**WOODS, P. J.**—By petition for mandate, a felony defendant seeks to compel respondent trial court to dismiss the information pending against him due to denial of his speedy trial rights under section 1382, subdivision 2[1] of the Penal Code.

Two issues are presented for resolution. First, whether a defendant who has consented to postponement of trial beyond the 60-day statutory period and has answered ready on the last date to which he so consented must thereafter also expressly object to any continuances or trailings within the resulting 10-day grace period. Second, may a prosecution's peremptory disqualification of the only available trial judge on the last day of the section

---

[1]All statutes refer to the Penal Code unless otherwise indicated.

1382 10-day grace period constitute "good cause" to delay commencement of trial one day beyond that statutory period?

We conclude that section 1382, subdivision 2, does not require a defendant to expressly object to continuances within the 10-day grace period he commenced by answering unconditionally ready for trial. We also conclude that the prosecution is entitled to exercise a peremptory disqualification on the "last day" for trial and that such exercise constitutes good cause for the trial court to delay commencement of trial for one day beyond the applicable statutory period.

Defendant was originally tried for robbery in department west "C" of respondent court. A mistrial on a hung jury was declared on June 21, 1985.

The 60th day following June 21, 1985, was August 20, 1985. Defendant consented to continuance of trial beyond that date to September 17 and then to November 6, 1985. Defendant remained at liberty on bail.

On November 6, 1985, defendant appeared with counsel in department "C" and announced unconditionally ready for retrial. The court then placed defendant's case on a "trailing" status and continued trial to November 13 to permit the People to do a "witness check." Defendant voiced no objection to this "trailing."

On November 13, 1985, defendant and the People appeared in department "C" and answered ready. The case was transferred to department west "A" for trial. Defendant and counsel appeared in department "A," but the case was continued to November 18—the "10th day" following November 6— (Nov. 16 and 17 being a Saturday and Sunday) because department "A" had another trial in progress. The judge in department "A" observed that November 18 would be the last day for commencement of defendant's trial within the statutory time limit.

On November 18, defendant appeared with counsel in department "A." At approximately one o'clock, the cause was ordered transferred to department "R" for trial. The People immediately filed a peremptory disqualification of the judge presiding in department "R," pursuant to Code of Civil Procedure section 170.6.

After the section 170.6 disqualification by the People no other trial judge was then available. Defendant's counsel was advised to consult with the court clerk periodically regarding trial. Counsel checked with the clerk several times that afternoon, but no courtroom became available. Counsel was advised by the department "A" clerk at approximately 4:30 p.m. that

the court had, in the absence of all parties and counsel, "trailed" the case to November 19. Defendant had no opportunity on November 18 to object to that continuance. It is conceded that no other courtroom was available on November 18.

On November 19, defendant appeared and moved to dismiss for violation of his speedy trial rights.

Judge Choate ruled that November 18 had been the last day of the 10-day statutory period, but also ruled that the peremptory disqualification of the sole available trial judge on the 10th day constituted "good cause" for a one-day continuance on the court's own motion beyond the statutory time limit.

On December 18, 1985, the present petition was filed with this court. Preliminary opposition was filed by the People. We issued the alternative writ.

DISCUSSION

I

The preliminary opposition filed by the People raises, for the first time in this case, the contention that the section 1382 10-day grace period had not expired on November 18, 1985. They now contend that it only began to run on November 19 when defendant first objected to "delay" of trial.[2]

Relying upon *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619], *People* v. *Superior Court (Rodriguez)* (1984) 151 Cal.App.3d 604 [199 Cal.Rptr. 83], and *Stephens* v. *Superior Court* (1986) 180 Cal.App.3d 189 [225 Cal.Rptr. 508], the People now advance the theory that defendant's failure to voice express objections to the trailings within the 10-day period (after he had announced readiness to commence trial on Nov. 6) constituted implicit consent to "setting trial" on those later dates and prevented commencement of the statutory 10-day grace period on November 6.

At the time we issued the alternative writ, we were mindful of the points raised in the preliminary opposition. We viewed the question of a People's

---

[2]Although this theory was not raised below, it concerns solely an issue of law upon established facts and is advanced for the first time on appellate review in support of the challenged ruling. It is thus proper for this court to consider this new theory. (*Green* v. *Superior Court* (1985) 40 Cal.3d 126, 137-139 [219 Cal.Rptr. 186, 707 P.2d 248].)

"10th day" peremptory disqualification as a novel and important one. We viewed the People's authorities on the preliminary question of commencement of the 10-day grace period as calling for resolution of an ostensible split of authority. The Supreme Court's holdings in *Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 250 [168 Cal.Rptr. 466, 617 P.2d 1098], and *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206], appear to conflict with the interpretation of *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, 783, reached in *People* v. *Superior Court (Rodriguez), supra,* 151 Cal.App.3d 604, and *Stephens* v. *Superior Court, supra,* 180 Cal.App.3d 189.

## II

### *The 10-day Grace Period*

Section 1382, subdivision 2, provides, in pertinent part, as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] 2. When a defendant is not brought to trial in a superior court within 60 days after . . . filing of the information or, in case the cause is to be tried again following a mistrial, . . . within 60 days after such mistrial has been declared, . . .; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

The closing proviso was added to section 1382 by 1959 amendment. Prior to that amendment, defendants were entitled to immediate trial on the same day that they announced readiness beyond the initial statutory period, unless good cause for further delay was shown. The effect of the 1959 amendment is to allow the prosecution a 10-day grace period for bringing the case to trial after the last day to which a defendant has consented. Because no cause may be dismissed for delay within the 10-day grace period, no showing of good cause is necessary for the prosecution to obtain any continuance of trial within that period. (*Malengo* v. *Municipal Court* (1961) 56 Cal.2d 813, 815-816 [17 Cal.Rptr. 10, 366 P.2d 453]; *People* v. *Hernandez* (1979) 97 Cal.App.3d 451, 454-455 [158 Cal.Rptr. 742].)

However, the People contend, relying upon *Townsend, supra,* 15 Cal.3d 774, *Rodriguez, supra,* 151 Cal.App.3d 604, and *Stephens, supra,* 180 Cal.App.3d 189, that the section 1382 proviso must be read to mean that for a trial date to which defendant consents beyond the 60-day period to become the "last day to which defendant consents to trial," defendant must state readiness for immediate trial on that date and also object to any delay

within the succeeding 10-day period. The failure to object, contends the prosecution, constitutes an implicit consent to "setting" trial for a yet later date within the following 10 days which vitiates the commencement of a 10-day grace period and no 10-day period will commence until defendant expressly objects to further delay.

The principal authority relied upon for this construction is *Townsend* v. *Superior Court, supra*, 15 Cal.3d 774.

*Townsend* involved unusual facts. There, a defendant obtained continuances beyond the initial 60-day period (§ 1382, subd. 2). On the last continuance date, November 7, 1974, defense counsel (a deputy public defender) was engaged in another criminal trial. Another deputy appeared and so advised the master calendar court. That specially appearing deputy and the court agreed to "trail" the case until November 12, awaiting the availability of the deputy assigned to try defendant's case. On November 12, defendant's counsel appeared and answered "ready," but advised that he must first try another criminal case that had priority over defendant's case. The case was "trailed," the trial court commenting that the 10-day period was running. On November 13, defense counsel appeared again and advised the court that he still was not available. On November 15, he appeared and advised that he would be ready on November 18. The case was trailed to November 18. On that date, the defense answered "ready." Upon the announcement by the trial court (a different judge sitting) that the case would be trailed for seven days due to the unavailability of a courtroom, defense counsel objected exclusively to what he erroneously perceived as a continuance beyond a statutory 10-day period. (15 Cal.3d at p. 783.)

The *Townsend* court first pointed out that the common misconception of defense counsel and the first master calendar judge that the 10-day grace period commenced on November 12 is irrelevant to the question of the actual date of commencement of the 10-day grace period under the law.

*Townsend* then addressed the critical question of when the 10-day period commenced under law. It reasoned: "It was not until November 18, when the court announced trial would be held November 25, that defense counsel for the first time made any affirmative objection to further delay. In the absence of such an objection, the defense is deemed to have consented to the continuance. (*People* v. *Wilson, supra*, 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452]; *Castaneda* v. *Municipal Court* (1972) 25 Cal.App.3d 588, 594 [102 Cal.Rptr. 230].) As expressed in *Tudman* v. *Superior Court* (1972) 29 Cal.App.3d 129, 132-133 [105 Cal.Rptr. 391] with reference to section 1382: 'The statute provides that an action need not be dismissed if it is set for trial beyond the 60-day period with the consent of the defendant

and if defendant is brought to trial within 10 days thereafter. The word "thereafter" refers back to the date the case was set with the defendant's consent.'

"While the record discloses that on November 12 defense counsel responded that he was 'ready' for trial, in truth and in fact he was not 'ready' to proceed because of legitimate commitments in another case and it was not until November 18 that he was actually and unconditionally free to commence trial proceedings in the case before us. By counsel's failure to object, and in some instances by his affirmative requests for delay, petitioner has effectively consented to every postponement up to and including November 18. When, through counsel, he objected on that day to any further continuance, the critical 10-day period commenced. [Citation.] The trial was set within a 10-day period thereafter." (15 Cal.3d at p. 783.)

*Townsend* relied upon *People* v. *Wilson* (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452], for the rule as to what constitutes commencement of the 10-day grace period. In *Wilson,* a defendant who had stipulated to a continuance beyond the 60-day period announced ready for trial on the continued date. On that date he expressly objected to the People's motion for a two-month continuance. *Wilson* held that granting the continuance over defense objection denied defendant's rights under section 1382 because the long continuance was not for "good cause."

*Wilson* reasoned: ". . . the last day to which defendant in any way consented was August 25, 1960. This automatically brought into operation the 10-day provision of section 1382 of the Penal Code. In other words, under that section defendant had the statutory right to be tried within 10 days after August 25 unless the prosecutor or the court showed good cause for further delay." (60 Cal.2d at p. 145.)

Thus, *Wilson* on its facts holds that express objection to a People's continuance beyond the 10-day period placed the burden upon the People to demonstrate "good cause" for a continuance beyond the 10-day grace period commenced by the defense announcement of readiness. *Wilson* is not a case dealing with a People's continuance within the 10-day period and is thus of no direct precedential or analytical value in support of the *Townsend* application. The fact that the *Wilson* defense counsel broadly phrased his objection to a continuance beyond 10 days to include the requested 2-month continuance "or any day," does not transform *Wilson* into a holding that an express objection *to* any continuance within 10 days of defendant's announcement of readiness must be stated to commence and perpetuate the statutory 10-day grace period.

Nevertheless, *Townsend* would be precedent binding upon this court if its holding necessarily extended to our facts and were uncontradicted by other case law. Such is not the case.

*Townsend* was followed in *People* v. *Superior Court (Rodriguez)* (1984) 151 Cal.App.3d 604 [199 Cal.Rptr. 83]. There, a felony defendant consented to waiver of time beyond the 60-day period to a date certain. On that date, defendant announced "ready" to commence trial. The trial court announced its intent to "trail" the case, due to the unavailability of a courtroom, for four days thereafter. Defense counsel affirmatively requested that the case be trailed one additional day for convenience. On the date to which the case was trailed in accordance with defense counsel's request, the trial court again "trailed" the case another five days, with the express acquiescense of defendant. On these facts, the *Rodriguez* court concluded: "Thus it appears that far from objecting when the trial court set the matter over on October 28th [the date defendant announced readiness beyond the 60-day period], counsel for [defendant] actually requested an additional day's delay. Under the rules enunciated in *Townsend, supra,* 15 Cal.3d 774, the continuance to November 2d was with real party's consent." (*Id.,* at p. 608.) *Rodriguez* went on to determine that under the rules enunciated in *Townsend* the express agreement of defense counsel to further continue the case until the 10th day following the defense announcement of readiness did not constitute an objection sufficient to start the statutory 10-day period running. (*Id.,* at p. 609.)

We view *Rodriguez* as distinguishable on its facts from our case. The *Rodriguez* defense affirmatively requested delay within the 10-day period in excess of that initiated by the master calendar court or by the prosecution.

The most recent case relied upon by the People is *Stephens* v. *Municipal Court* (1986) 180 Cal.App.3d 189 [225 Cal.Rptr. 508]. In *Stephens,* Division Seven of this court adopted the *Rodriguez* interpretation of *Townsend* and section 1382 requiring both an announcement of unconditional readiness for trial and an express objection to any trailing within the 10-day grace period.

Unlike *Rodriguez,* the material circumstances of *Stephens* are indistinguishable from those before us. In *Stephens,* a misdemeanor defendant continued his trial beyond the initial 45-day statutory period. Thereafter, defendant appeared with counsel in the master calendar court on November 18, 1985, and the case was assigned out for trial on November 22. No objection to this setting was made by the defense. The case was continued to November 25 without objection and continued again to November 26 without objection. Finally, it was continued from November 26 to 27 without

objection. On November 27, the case was continued to Monday, December 2, over the express objection of defendant claiming expiration of the 10-day grace period. (180 Cal.App.3d at pp. 192-193.) On December 2, defendant moved unsuccessfully for dismissal, contending that Friday, November 29, was not a legal court holiday for purposes of section 1382 and was thus the 10th day for trial following his November 18 announcement of readiness.

In the resulting extraordinary writ proceeding commenced by the defendant, the *Stephens* court held that *Wilson, supra,* 60 Cal.2d 139, *Townsend, supra,* 15 Cal.3d 774, and *Rodriguez, supra,* 151 Cal.App.3d 604, require a defendant to perform two acts to commence an enforceable statutory 10-day grace period: first, announce unconditional readiness, and, second, announce a concurrent express objection to any delay within the 10-day period. (180 Cal.App.3d at pp. 194, 196.) *Stephens* observed that despite the *Townsend* opinion rendered in 1975, the Los Angeles County trial courts have routinely required only an announcement of defense readiness for trial to commence the 10-day grace period. (*Id.,* at pp. 195-196.)

Here, petitioning defendant challenges the applicability of *Townsend* on the basis of squarely contrary holdings by the Supreme Court in its subsequent decisions in *Owens, supra,* 28 Cal.3d 238, and *Rhinehart, supra,* 35 Cal.3d 772. In each of these cases the facts are materially indistinguishable from those in our case on this issue. These cases cast substantial doubt upon *Townsend* as controlling authority. Accordingly, we turn to a discussion of *Owens* and *Rhinehart* to resolve the ostensible conflict.

In both *Owens* v. *Superior Court, supra,* 28 Cal.3d 238, 250, and *Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772, 775, the Supreme Court determined that a defense announcement of unconditional readiness, without objection to prosecution or trial court trailings within the following 10 days, effected an enforceable 10-day statutory period. This determination was made in each case upon facts that necessitated such affirmative determination for the Supreme Court to have reached the ultimate issue presented and to have compelled dismissal of the respective prosecutions for failure to bring defendant to trial within the statutory 10-day period.

*Owens* v. *Superior Court, supra,* 28 Cal.3d 238, concerned a felony defendant who had stipulated to continuance of trial beyond the initial 60-day statutory period. The critical facts occurring beyond the 60-day period are recited by the *Owens* court as follows: "Defense counsel was occupied with yet another trial on January 8, so petitioner's case was continued to January 9 and again to the morning of January 11, at which time petitioner's attorney answered ready for trial. [¶] However, the prosecution indicated

that it had not yet located its witnesses, the two victims of the alleged robberies. The court recessed the matter until the afternoon session, where it learned that the prosecution would be unable to 'ascertain their readiness' until January 15. The court thereupon trailed the case to that date. [¶] The prosecution still had not contacted its witnesses by January 15 and requested that the court again trail the matter. Over petitioner's objection, the court trailed the matter until January 22, which both the court and the attorneys regarded as the final day to commence trial within the limits set by section 1382." (*Id.*, at p. 242; fn. omitted.)

Upon these facts, and after quotation of section 1382, subdivision 2 (in fns. 1 and 2 on pp. 242-243), *Owens* determined the issue of commencement of the critical section 1382 10-day grace period in these terms: "The latest trial date to which petitioner could be deemed to have consented was January 11, 1979, when his counsel announced he was ready for trial. Thus, January 22 was the 'tenth' and last day authorized by statute to commence trial. (See *ante*, fn. 2.) However, the prosecution was not ready to proceed until January 23. Clearly, there was no trial within either the 60-day or 10-day periods provided by section 1382." (28 Cal.3d p. 250; fn. omitted.)[3]

Having so held on the issue of the commencement and termination of the 10-day grace period, *Owens* went on to hold that the prosecution had not met its burden of showing good cause for delay beyond the 10-day period. *Owens* accordingly compelled dismissal of the case for denial of defendant's speedy trial rights.

The commencement, and lack of vitiation, of the controlling 10-day grace period in *Owens* was necessary to the ultimate decision of that case because the prosecution was ready to proceed to trial on January 23, which was but one day after the determined "10th day." Had defendant's lack of objection to trailings on the first day of the 10-day period prevented commencement of the period to the date until his first statement of objection on January 15, then the result in *Owens* would have to have been a determination that no statutory period had been exceeded.

The *Owens* holding is repeated in *Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772, 780-781, on analogous facts where the viability of the 10-

---

[3]Although the *Owens* court did not engage in extensive analysis on this point, and the correctness of this determination was not disputed by the parties, erroneous conceptions of the parties could not alter the true date of commencement of the 10-day period under the law. (*Townsend* v. *Superior Court, supra,* 15 Cal.3d at p. 783; *People* v. *Superior Court (Rodriguez), supra,* 151 Cal.App.3d at p. 607.) The *Owens* opinion reflects that court's familiarity with *Townsend*. It must be presumed that *Owens* determined this material issue according to its construction of the statute.

day period claimed by the defendant had to be affirmed to support the ultimate decision and result of the case on appellate review.

In *Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772, the Supreme Court determined, in the same manner it had in *Owens, supra,* 28 Cal.3d 238, that a defendant's announcement of unconditional readiness commenced a statutory 10-day grace period. That period was held enforceable although defendant voiced no objection to several trailings by the trial court within the resulting 10-day period. The *Rhinehart* determination as to the effective commencement and enforceability of the 10-day period was necessary to permit the court to reach the ultimate issue of whether defendant was brought to trial within the applicable statutory period and to ultimately compel dismissal of the prosecution for violation of that statutory period.

In *Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772, the ultimate issue was whether a defendant is "brought to trial" within the 10-day grace period of section 1382 when, for the sole purpose of avoiding the 10-day period, a jury is selected and sworn within that period with the intent that the earnest trial proceedings will thereafter be continued beyond the 10th day due to unavailability of trial courtrooms. The court held that such a scheme violates the 10-day period and ordered dismissal.

The *Rhinehart* recitation of facts shows no express defense objection to trailing of the case within the 10-day period following announcement of readiness. The defendant had stipulated to several trial delays beyond the initial 45-day misdemeanor period. November 17 was the last continued date to which defendant so stipulated. "On that date, both parties announced 'ready.' The case was put on 'trailing' status due to the court's congested calendar. On November 25th, defense counsel was informed by the court's calendar coordinator that a jury would be called and selected on November 27th. However, the trial would be delayed until December 3rd. The reason given for the delay was that the court was engaged in jury selection in another trial, which took precedence over Mr. Rhinehart's trial." (35 Cal.3d at p. 775.) This premature jury selection scheme occurred on November 27, and the defendant objected *on that date* to the court's de facto postponement of trial to December 3 or 4, as a violation of the 10-day grace period. The objection was overruled and defendant's later motion to dismiss was denied.

Upon this recitation of facts, *Rhinehart* concludes: "The last date consented to was November 17th. As section 1382 provides, the 10-day grace period within which he had to be 'brought to trial' commenced on that date and expired on November 27th." (35 Cal.3d at pp. 776-777.)

This determination of the commencement date of the 10-day period as November 17 was critical to the ultimate decision and result of *Rhinehart*. Had the 10-day grace period not commenced November 17, but rather on November 27 when defendant objected to delay, the court need not have reached the issue whether the jury selection scheme employed to avoid the 10-day period constituted "bringing the defendant to trial" within the statutory period; the prosecution would have had until December 7 to actually commence trial. Neither could *Rhinehart* have reached its result of compelling dismissal of the underlying prosecution for violation of the section 1382 10-day period.[4] *Rhinehart* would be exclusively dictum.

*Owens* and *Rhinehart* thus appear to be authorities squarely conflicting with the interpretation of *Townsend* now urged by the People and adopted in *Rodriguez, supra,* 151 Cal.App.3d 604, and *Stephens, supra,* 180 Cal.App.3d 189. It is thus necessary to scrutinize the appropriate scope of the *Townsend* holding.

The principle of "rule of decision" or "holding" of an appellate decision has been concisely summarized as follows: "The *ratio decidendi* is the principle or rule which constitutes the ground of the decision, and it is this principle or rule which has the effect of a precedent. *It is therefore necessary to read the language of an opinion in the light of its facts and the issues raised, to determine (a) which statements of law were necessary to the decision, and therefore binding precedents, and (b) which were arguments and general observations, unnecessary to the decision, i.e., dicta, with no force as precedents.* [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 783, pp. 753-754; italics added.)

■ Further explication of the fundamental principle is found in *Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 125 [233 P.2d 74]: "It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."

Application of these principles reveals that the broad rule now attributed to the *Townsend* analysis is not the holding of that case.

---

[4]*Rhinehart* was decided April 5, 1984, shortly after the Supreme Court had denied hearing in *People* v. *Superior Court (Rodriguez), supra,* 151 Cal.App.3d 604, on March 15, 1984. As pointed out above, *Rodriguez* is factually distinguishable from *Rhinehart* and our case due to the affirmative requests by the *Rodriguez* defense counsel for further delay within the 10-day period. But we view it as significant that neither *Townsend, supra,* 15 Cal.3d 774, nor *Rodriguez, supra,* 151 Cal.App.3d 604, were considered in *Rhinehart* as authority contrary to its determination on this issue.

The *Townsend* defendant first announced unconditional readiness and expressly objected to "further delay" on November 18 when the trial court announced a trailing of the case. Thus the statement in *Townsend,* at page 783, that all prior delays were either at defendant's own request or without his affirmative objection refers to delays occurring before any valid announcement of defense readiness occurred. Because the valid announcement of readiness and the express objection occurred on the same day, and defendant was brought to trial within 10 days thereafter, *Townsend* did not need to decide whether the "ready" announcement itself could commence the 10-day period. Neither does the result in *Townsend* depend upon whether there is a dual requirement for commencement of the period.

On the facts before it, *Townsend* was required to determine only (1) that the conditional defense announcement of readiness was wholly ineffective to commence a 10-day grace period and (2) that the simultaneous announcement of unconditional defense readiness *and* express objection to a proposed 7-day court continuance commenced the true 10-day grace period. *Townsend* was not required on the facts before it to decide whether an unconditional announcement of immediate readiness alone, without objection to trailings within the following 10-day period, commenced an enforceable statutory period. So, although the *Townsend* rationale focuses on the element of express objection, that rationale does not have the precedential force of a holding that readiness alone is insufficient.

Such narrow reading of *Townsend* is also suggested by the fact that none of the authorities cited therein concern continuances within a section 1382 10-day grace period. None address the significance of the established incapacity of a defense objection to compel commencement of trial within the 10-day period earlier than desired by the prosecution and the trial court. They all concern objections to prosecution motions seeking continuances *beyond* an existing statutory period.

The critical aspect of the *Townsend* analysis lies in the automatic application of the general rule that "[i]n the absence of such an objection to further delay, the defense is deemed to have consented to the continuance. (*People* v. *Wilson, supra,* 60 Cal.2d 139, 146; *Castaneda* v. *Municipal Court* (1972) 25 Cal.App.3d 588, 594 [102 Cal.Rptr. 230].)" (15 Cal.3d at p. 783.)

However, in *Malengo* v. *Superior Court, supra,* 56 Cal.2d 813, it was held that under section 1382, subdivision 2, a defense objection to continuances sought by the prosecution within the 10-day grace period does not even require the prosecution to show cause because a prosecution may not be dismissed if defendant is brought to trial at some time within the 10-day

grace period. There, a misdemeanant's trial was continued, without defense objection, beyond the initial statutory period (then 30 days). On the continued date, January 6, 1961, the prosecution requested a further continuance of seven days that was not supported by any showing of good cause. The defense objected to the continuance, and the case was thereupon dismissed. The *Malengo* court held on a People's appeal that the prosecution motion for the seven-day continuance should properly have been granted. January 6 was the last date to which defendant consented and section 1382 gave the prosecution an absolute right to continuances within the following 10-day period, without need to show cause. (*Id.,* at pp. 815-816, fn. 2.)[5]

Consideration of the *Malengo* holding demonstrates that *Townsend's* adoption of the general analysis in *People* v. *Wilson, supra,* 60 Cal.2d 139, concerning the function and necessity of objection to delay, is inapposite to delays within a 10-day grace period.

*Wilson* discusses the two purposes acknowledged to underlie the general rule requiring both (1) objection before the statutory period is exceeded and (2) a motion to dismiss after that period is exceeded. *Wilson* cites the first purpose as serving to notify the court of the facts upon which the objection is founded so as to procure an earlier trial date. (60 Cal.2d at pp. 146-147.) However, before *Wilson* was decided, the Supreme Court had settled in *Malengo, supra,* 56 Cal.2d at pages 815-816, that the prosecution has an absolute entitlement to bring a defendant to trial "*within* the 10-day grace period." Thus, objection by a defendant to delay within the 10-day grace period could not serve to notify the trial court of a valid ground to compel an earlier commencement of trial.

The second purpose *Wilson* cites for the requirement of an objection is as the prerequisite for a subsequent motion to dismiss because on appeal an order denying the motion will be affirmed if the record does not show that the objection was made. (60 Cal.2d at p. 147.) But, under *Malengo, supra,* 56 Cal.2d at pages 815-816, a statement of objection to trailing within the 10-day period, could not serve as a foundation for a motion to dismiss. ■ For a defendant has no legal right to dismissal for delay within the 10-day grace period. The appropriate motion serving as foundation for a motion to dismiss would be the recognized, obligatory defense objection to delay beyond the 10th day without a showing of good cause.

---

[5]*Malengo* was followed in *People* v. *Hernandez* (1979) 97 Cal.App.3d 451 [158 Cal.Rptr. 742], wherein Division Five of this court held that, following a defense announcement of readiness on a date set beyond the initial 60-day period, the defense had no capacity to make a cognizable objection to trailing within the resulting 10-day grace period. The trial court's dismissal of the underlying prosecution within the grace period was reversed.

Neither could the requirement of objection to trailing within a 10-day grace period serve the function it does with continuances beyond the initial 60- or 45-day periods or even beyond the 10-day grace period. Early case law establishes that a defendant may not remain silent when the prosecution secures a continuance beyond the 60-day period or beyond a 10-day grace period and then move to dismiss for failure to be brought to trial within that period. (*Ray* v. *Superior Court* (1929) 208 Cal. 357, 358 [281 P. 391]; *Tudman* v. *Superior Court* (1972) 29 Cal.App.3d 129, 133 [105 Cal.Rptr. 391].) The purpose of this rule is to prevent the defendant from "sandbagging" the prosecution into delaying trial beyond the controlling statutory period and thereafter using that delay, not timely objected to, as the ground for dismissal.

But defendant cannot "sandbag" the prosecution during a 10-day grace period. That 10 days is the applicable statutory period and is not violated unless it is exceeded without good cause. (*Malengo* v. *Municipal Court, supra,* 56 Cal.2d at pp. 815-817.)

For these reasons, we believe that the reference in subdivision 2 of section 1382 to "implied consent" must be construed to apply only to continuances beyond an existing statutory period and not to those within such period.

Although it must be conceded that a literal construction of the proviso in subdivision 2 of section 1382 would require a perpetual, express defense objection to any and all trailings within the 10-day period following a defense announcement of unconditional readiness, such a complication does not appear to have been intended when the Legislature in 1959 afforded the prosecution the 10-day grace period. Up to that 1959 amendment, the prosecution was required to bring a defendant to trial immediately upon his announcement of readiness beyond the initial statutory period. The amendment appears directed toward the simple goal of affording a period of grace. Nothing in the amendment expressly requires a formal objection to manifest a lack of consent to the prosecution availing itself of the full 10-day period.

In criminal prosecutions, an announcement of readiness has become, through custom and practice, a term constituting an express representation of ability and willingness to submit to immediate trial. As pointed out in *Stephens* v. *Municipal Court, supra,* 180 Cal.App.3d at page 195, it has been the routine practice of trial courts to attribute this semantic content to a "ready" announcement, despite *Rodriguez, supra,* 151 Cal.App.3d 604. As of the moment a defendant announces "ready" on the last continuance date beyond the initial statutory period, he is submitting himself to being brought to trial immediately. At that moment, defendant would have a right

to immediate trial but for the fact that the 10-day grace period automatically comes into operation.

Immediately upon commencement of the 10-day grace period, the defense is divested of the capacity to meaningfully object to any delays occasioned by the prosecution or by the unavailability of a trial courtroom or judge within that 10 days. (*Malengo* v. *Municipal Court, supra,* 56 Cal.2d at pp. 815-816.) It serves no pragmatic function to compel a defendant to expressly voice objection to a trailing that is, as a matter of law, wholly ineffectual to prevent the delay objected to. In effect, the 10-day grace period, by precluding any effective defense objection, effects the consent of the defendant to be brought to trial at any time within the 10-day period. Given this compelled consent, by operation of law, to delay for a full 10 days after announcement of readiness, it is logically inconsistent to conclude that defendant's failure to expressly object to trailings within the 10 days constitutes an implicit consent to further delay within that period.

### III

### *Good Cause*

Petitioner contends that the People's exercise of their statutory right to peremptory disqualification of the only available trial judge on the "last day" does not constitute good cause for the trial court to have delayed commencement of trial for one day.

Petitioner relies primarily upon *People* v. *Johnson* (1980) 26 Cal.3d 557 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255], wherein the Supreme Court held that a defendant has speedy trial rights and the state has the concomitant duty to ensure that enough trial courtrooms, judges, public defenders and prosecutors are available to protect that right.

Petitioner argues that, like the defendant in *Johnson* who was denied a timely trial due to the chronically congested trial calendar of his appointed public defender, so petitioner is denied a speedy trial where the state does not provide for a reserve of available trial judges to accommodate a People's 10th-day peremptory disqualification. Alternatively, petitioner contends that because the People exercised the peremptory disqualification on the "last day" for trial, the People have elected to exercise one right at the risk that it would result in their failure to bring defendant to trial within the applicable statutory period.

We view this question as primarily requiring a choice between two competing statutory rights: the defendant's right to be brought to trial within

the applicable statutory period versus the right of the People to a fair trial. The question also concerns the duty of trial courts to maintain sufficient facilities and judicial officers to protect defendants' speedy trial rights.

No case has directly discussed the situation before us.

The People rely upon *People* v. *Reed* (1982) 133 Cal.App.3d Supp. 7 [184 Cal.Rptr. 606]. There a defendant exercised his Code of Civil Procedure section 170.6 peremptory disqualification of the only available trial judge after 2:20 p.m. on the "last day" of the applicable statutory period. The People's motion to continue trial for one day on this basis was granted at 4:45 p.m. that day. *Reed* held that such a disqualification of the last available judge was not attributable to improper court administration and constituted good cause to delay the case one day beyond the statutory period.

*Reed* is, of course, of little help to us because it involved delay occasioned by the defendant to protect his own fair trial interests. The People there could in no manner be blamed for the resulting delay of trial and no conflict between statutory rights of the respective parties was involved.

No other reported case concerns circumstances close to those before us. What constitutes "good cause" for delay beyond an applicable statutory period depends upon the circumstances of each case. (*Rhinehart* v. *Municipal Court, supra,* 35 Cal.3d 772, 781.)

Guidelines for resolution of this "good cause" question are set forth in *People* v. *Johnson, supra,* 26 Cal.3d at page 570.

*People* v. *Johnson, supra,* 26 Cal.3d at page 570, points out that, in general, appellate courts exercise their discretion in ascertaining "good cause" under these principles: ". . . delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal. Delay attributable to the fault of the prosecution, on the other hand, does not constitute good cause. Neither does delay caused by improper court administration. [Citation.]" (Fns. omitted.)

In *Johnson,* an in-custody defendant's trial had been postponed far beyond the initial 60-day statutory period upon motions by his defense counsel. Counsel represented that his heavy trial caseload had prevented him from prompt trial of defendant's case. Defendant expressly refused to waive time for any of the defense counsel's continuances. The *Johnson* court determined that the chronic lack of sufficient public defenders, courtrooms, or trial

judges is not a valid basis for denial of speedy trial rights to incarcerated defendants.

*Johnson* concluded that the state justice system has the obligation to ensure sufficient prosecutors, appointed defense counsel, courtrooms, and judges "'to protect those accused of crime against possible delay, caused either by *willful oppression, or the neglect of the state or its officers.*'" (26 Cal.3d at p. 571, italics added.)

*Johnson* was careful to distinguish between the inexcusable delay caused by a chronically overburdened system and delay caused by nonrecurring, exceptional events. Insufficiency of facilities "attributable to exceptional circumstances" might justify the delay of an occasional trial. (26 Cal.3d at p. 571.) Thus, "[t]he state cannot reasonably provide against all contingencies which may create a calendar conflict for public defenders and compel postponement of some of their cases." (*Id.*, at p. 572.)

## A

Petitioner here relies upon the general language in *Johnson* to argue that the "last day" disqualification by the People rendered the delay the "fault" of the People and thus no "good cause" existed for the one-day delay.

■ While it is true that the People affirmatively elected to exercise the peremptory disqualification on what was known to be the 10th day, it is also true that the People have the statutory right to protect their due process fair trial rights. (*McCauley* v. *Superior Court* (1961) 190 Cal.App.2d 562, 564 [12 Cal.Rptr. 119].) A defendant's right to commence trial is subject to a reasonable delay beyond the applicable period if the People demonstrate "good cause." Given this conflict between two statutory rights, we must conclude that a delay of but one day, not resulting from a demonstrated chronically overburdened system but rather from exceptional circumstances, is not so great an infringement on defendant's statutory speedy trial rights as to preclude the People from having a fair trial.

Thus, the People, when confronted on the "last day" with an assigned judge who is perceived as not capable of giving the People a fair trial, are entitled to benefit from the very purpose of section 170.6 disqualifications— to provide a fair trial before an impartial judge. The function of section 170.6 to ensure a fair trial is undisputed.

An unforeseen unavailability of a critical material prosecution witness threatens to deny the People the opportunity for a fair trial. (*People* v. *Salcido* (1963) 263 Cal.App.2d 1, 4-5 [69 Cal.Rptr. 193].) In like manner,

the "last day" assignment of a trial judge who is not impartial would threaten to deny the People a fair trial. Although such witness unavailability is not an affirmative act by the People, and a disqualification is, the People have a right conferred by statute to exercise such disqualification whenever it is believed that the assigned judge cannot provide the party a fair trial. The one-day delay resulting from exercise of this right may not be characterized as delay caused by the "neglect" or "fault" of the People as those terms are used in *Johnson, supra,* 26 Cal.3d 557.

We conclude that the right to a fair trial underlying the statutory right of one peremptory disqualification is sufficiently fundamental and is supported by strong public policy considerations to effect justice, therefore good cause exists here for a one-day delay of trial beyond the applicable statutory period.

### B

Neither is the second prong of petitioner's argument compelling.

Unlike the circumstances in *Johnson, supra,* 26 Cal.3d 557, neither the trial court nor the parties had any advance notice as to the identity of the trial judges who would be ultimately assigned to commence petitioner's trial on November 18. (Compare *Arreola* v. *Municipal Court* (1983) 139 Cal.App.3d 108, 114 [188 Cal.Rptr. 529] (surge of trials foreseeable in advance) and *Lewis* v. *Superior Court* (1981) 122 Cal.App.3d 494 [176 Cal.Rptr. 80] (trial judges attending a training conference resulted in no available trial court on "last day" and no judges were recalled when problem developed).) The judge assigned that afternoon was disqualified. It was not possible for the master calendar court to rearrange the duties of the other judges already committed to other trials to accommodate an immediate trial for defendant.

We cannot conclude under the principles set forth in *Johnson, supra,* 26 Cal.3d 557, that the criminal master calendar courtroom must, as a function of "proper administration" of the speedy trial process, perpetually hold an additional judge in reserve each day against the nominal possibility that the People will exercise their right of one peremptory disqualification. The master calendar court did all it could do in its orderly administration of its calendar by timely finding an available courtroom for defendant. The unforeseeable peremptory disqualification exercised that afternoon left the court with no alternative but to order an additional day's delay when no other courtroom became available. This is not a situation analogous to *Johnson.*

We conclude that the trial court's delay of defendant's trial for only one day beyond the statutory period was for good cause.

### IV

The alternative writ is discharged and the peremptory writ is denied. The temporary stay of trial issued by this court shall remain in effect until this decision becomes final as to this court.

McClosky, J., and Arguelles, J., concurred.

Petitioner's application and petition of real party in interest for review by the Supreme Court were denied December 31, 1986. Mosk, J., was of the opinion that the application should be granted.