63 Cal.App.3d 10 (1976)
134 Cal. Rptr. 61
THE PEOPLE, Plaintiff and Appellant,
v.
DONALD WOODROW AMATI, Defendant and Respondent.
Docket No. 14490.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
September 15, 1976.
*11 COUNSEL
Burt Pines, City Attorney, and Mark L. Brown, Deputy City Attorney, for Plaintiff and Appellant.
Michael A. Mitchell for Defendant and Respondent.
OPINION
COLE, J.
The People appeal from an order granting a defense motion to dismiss an action on the ground that it had not been "brought to trial" within 45 days after defendant's arraignment, as is required by Penal Code section 1382.
The 45th day was March 1, 1976. At 4:30 p.m. on that day a panel of prospective jurors was sworn to answer questions concerning their qualifications to act as jurors. The names of 12 prospective jurors were called and the 12 were seated in the jury box. The panel was then *12 admonished by the court (Judge Rothschild) and a recess was taken until the next morning.
On March 2, 1976, defendant made the motion to dismiss and the court (Judge Kennick) made the order appealed from. We reverse.
(1) First, within the meaning and purpose of Penal Code section 1382 under the procedure followed on March 1, 1976, the matter was "brought to trial" on that date. The swearing of an actual trial jury obviously is a definitive step indicating that a case has been "brought to trial" within the meaning of the statute, since at that point jeopardy attaches (People v. Katzman (1968) 258 Cal. App.2d 777, 788-789 [66 Cal. Rptr. 319]). But that is not to say that nothing less will qualify under Penal Code section 1382, subdivision 2. The swearing of the panel, while less definitive than the swearing of the actual jury, still is a significant in-courtroom proceeding indicating that the People and the defendant are ready and able to proceed with the trial of the case. Section 1382 is designed to put a limit of a specified number of days on the time that a defendant must await trial  to protect him from an unduly prolonged wait. (People v. Jacobs (1972) 27 Cal. App.3d 246, 256 [103 Cal. Rptr. 536].) That purpose is fulfilled when the trial commencing process begins. To hold that the procedure followed here was not enough to be regarded as bringing the case to trial under Penal Code section 1382 would open the door to endless wrangling. In every case where jury selection started before the 45th day but was not completed until afterward, inquiry would have to be made as to the cause for the delay  did the prosecutor bring it about and if so was there good cause for his delay in agreeing to all of the jurors? Did the defense cause it for reasons not fairly chargeable to the defendant so that there was no implied waiver? These inquiries can be avoided by holding, as we do, that the swearing of a panel of prospective jurors constitutes bringing a case to trial within the 45-day provisions of Penal Code section 1382, so long as the panel is sworn in as a good faith start to the jury selection process and not as a mere device to avoid the impact of the statute. There is no indication here that any bad faith was involved.
We note, also, the hour of the day at which the proceeding occurred. The court could not reasonably be expected to remain in session for an indeterminate period of time long past the normal adjournment hour to complete the jury selection process.
*13 Second, no objection by defendant to the overnight recess from March 1 to March 2 appears in the record. Failure to object is equally fatal to this appeal. (People v. Wilson (1974) 40 Cal. App.3d 913, 915 [115 Cal. Rptr. 619].)
The order is reversed.
Marshall, P.J., and Alarcon, J., concurred.