[Civ. No. 56034. Second Dist., Div. Two. Oct. 18, 1979.]

MANUEL SANCHEZ, JR., Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## COUNSEL

Burt Pines, City Attorney, Rand Schrader, Mark A. Rosenbaum and Richard Edward Cates, Deputy City Attorneys, for Real Party in Interest and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Edmund W. Clarke and H. Reed Webb, Deputy Public Defenders, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**COMPTON, J.**—Manuel Sanchez successfully petitioned the Superior Court of Los Angeles County for a writ of prohibition to prevent the Municipal Court of the Los Angeles Judicial District from conducting further proceedings in a case in which he was charged with a violation of Vehicle Code section 23102, subdivision (a). The People have appealed. We reverse.

Penal Code section 1382, subdivision (3) insofar as it is relevant here, provides that in a misdemeanor prosecution, defendant must be "brought to trial" within 45 days after arraignment. The issue presented is whether that provision was complied with in this case.

Sanchez was arraigned on November 15, 1977, and after pleading not guilty, his trial was set for December 19, 1977. Without objection, the matter was thereafter twice continued until December 29, 1977, apparently for lack of an available court. On this latter date the matter was, over objection of both Sanchez and the People, continued to the following day, December 30, 1977—the 45th day after arraignment.

We think it important to observe that December 30, 1977, fell on a Friday and of course preceded a three-day New Year's weekend holiday.

At 2:20 p.m. on December 30, the Sanchez case was called for trial before the Honorable Nancy Brown, who was presiding in a regular misdemeanor trial court. Judge Brown was not at that time engaged in trial in any other matter although it appears that there was another case set for trial in her courtroom for the next court day, which was January 3, 1978.

Both sides answered ready for trial and a panel of prospective jurors was summoned to Judge Brown's courtroom. The panel was sworn to truthfully answer questions on voir dire. Twelve jurors were drawn and seated in the jury box.

At that point the judge stated to the jurors that since it was getting late on a Friday afternoon and since she had some "matters to take care of" she was going to recess the case for the day and reconvene on January 3, 1978, at 9 a.m. Defendant's counsel interposed no objection to the recess nor did he insist on proceeding with voir dire.

After the jury was excused in the Sanchez matter, Judge Brown called another case in which the defendant was represented by the same defense counsel as Sanchez. The judge advised this second defendant that because his counsel was engaged in trial in the Sanchez matter, his case would have to trail.

When the Sanchez matter was called on January 3, 1978, Judge Brown announced that one of the twelve prospective jurors that had been drawn had telephoned the court and asked to be excused. Another juror was drawn to replace him.

Two things then occurred which provide the only arguable basis for Sanchez' position. First, Judge Brown, in a gratuitous display of courtesy to counsel, permitted him to present a motion to dismiss under Penal Code section 1382, and deemed it to have been presented on December 30, 1977, the previous court day. This superficially, at least, neutralized Sanchez' earlier failure to raise a timely objection.

Secondly, and perhaps more importantly, Judge Brown was notified that another judge, one sitting in a court assigned to traffic matters, was available to handle the case. Since the Sanchez matter is a traffic matter and since Judge Brown's court had been designated as a "nontraffic" misdemeanor court, the case was transferred.

When the case arrived in the second court, Sanchez' counsel moved and obtained a continuance in order to institute the present action for extraordinary relief. There is no question that in the absence of Sanchez' request the court would have proceeded with the trial.

The superior court filed findings of fact which were essentially a statement of the uncontroverted procedural chronology which we have described. Based on these facts, the superior court drew certain conclusions of law which we find erroneous.

That court concluded that because Judge Brown recessed the Sanchez case on December 30, 1977, before completion of a "normal court day"

and because there existed the possibility that on January 3, 1978, yet another judge might be asked to continue with the case, the swearing of the jury and the seating of 12 prospective jurors did not constitute "bringing defendant to trial" on December 30, 1977.

■ Penal Code section 1382 is simply a codification and statutory implementation of the right to speedy trial guaranteed by the California and United States Constitutions. That guarantee is designed to prevent individuals from languishing under the onus of unresolved charges for unreasonable lengths of time and to insure that persons accused of crimes are not prejudiced by the effect of delay on the memories and availability of witnesses. (*People* v. *Jacobs,* 27 Cal.App.3d 246 [103 Cal.Rptr. 536]; *People* v. *Davis,* 265 Cal.App.2d 341 [71 Cal.Rptr. 242]; *Cody* v. *Justice Court,* 238 Cal.App.2d 275 [47 Cal.Rptr. 716].)

There is no talismanic phrase which can be used to describe the precise point at which an individual has been "brought to trial." The outside limits of the area can easily be established. A defendant has obviously been "brought to trial" when the judgment or verdict is rendered in the case. On the other hand, a defendant has certainly *not* been brought to trial prior to the day when the trial is scheduled and both parties appear and announce that they are ready to proceed.

Depending upon the circumstances of each particular case, there is a point somewhere between those two events when it can be said that the trial of the defendant has commenced and the objectives of the right to a speedy trial have been served.

In *People* v. *Katzman,* 258 Cal.App.2d 777 [66 Cal.Rptr. 319], it was held that a case had been brought to trial for the purposes of satisfying Penal Code section 1382 when the actual trial jury was sworn and defendant was in jeopardy. *Katzman* does not establish that the attaching of jeopardy is the controlling point. It only establishes that a trial can be said to have commenced prior to the taking of evidence.

The only other court case which appears to have dealt with the issue is an opinion of the Appellate Department of the Superior Court of Los Angeles in *People* v. *Amati,* 63 Cal.App.3d Supp. 10 [134 Cal.Rptr. 61]. It was there held that the "trial process" had begun when a panel of prospective jurors had been sworn, so long as the swearing of the panel was a "good faith start to the jury selection process and not as a mere device to avoid the impact of [Penal Code section 1382]." (*Amati, supra,* Supp. 12.)

We agree with the appellate department that the swearing of a panel of prospective jurors and the temporary seating of 12 jurors is a significant indication that a trial is underway.

Here the superior court, in granting Sanchez' petition, accepted the validity of that rationale but implicitly found that under the circumstances of this case, Judge Brown was not in good faith when, after summoning and swearing the panel of prospective jurors, she indicated that trial of the Sanchez case had begun.

The vice of that finding is that it is based on an attempt to evaluate Judge Brown's subjective intent rather than on the objective facts of what actually occurred. As to Judge Brown's good faith, she was at the very least entitled to the benefit of the presumption that official duty was regularly performed. (Evid. Code, § 664.)

Judge Brown submitted a declaration in writing for use by the superior court in its determination of Sanchez' petition. Because of our conclusion that the objective facts are controlling the declaration was unnecessary. However, since the superior court alluded to that declaration in its findings, we think it important to state its substance.

The thrust of the declaration was that Judge Brown considered the Sanchez trial to be under way and intended that it would proceed to its conclusion without interruption either in her court or in another court should the latter become available at an early enough time. She declared that she was prepared to continue the matter pending before her on January 3 in order to accommodate the Sanchez case. As it turned out, the need to continue the case was obviated.

Objectively the picture from the record is simply that Sanchez' case was called for trial in a court that was open and available. Both sides answered ready. A jury panel was summoned and sworn. Twelve prospective jurors were drawn and seated. At approximately 3 p.m. the case was recessed to the next court day. Following the recess, another case was called and trailed because Sanchez' counsel was engaged. When the court reconvened on January 3, 1978, the Sanchez matter was called promptly and, but for Sanchez' request for a continuance, would have proceeded to a conclusion.

The importance of what occurred on January 3 must be stressed because it is only by examining what happened on that date can the good

faith nature of the previous proceedings be *objectively* determined. The fact that the case proceeded on schedule on January 3 is graphic evidence that the Municipal Court of Los Angeles was prepared and intended to proceed with the trial that had commenced on December 30, 1977. It is unimportant that the case proceeded before a judge other than Judge Brown.

It would have been perfectly proper for Judge Brown to have conducted the voir dire of the jury and then, if the opportunity or necessity arose, to transfer the case at that point to another judge. (*People v. Stuller,* 10 Cal.App.3d 582 [89 Cal.Rptr. 158, 41 A.L.R.3d 712].) We feel safe in assuming that such a procedure would have been followed had Sanchez' counsel requested it, but, as we previously pointed out, he made no request to commence voir dire on that late Friday afternoon.

One fact remains to be discussed—that is the decision of Judge Brown to recess the case in midafternoon. The superior court apparently was influenced by what it perceived to be the failure of Judge Brown to complete a "normal" court day.

We are not certain as to what the superior court considered to be a "normal" day. If we assume that 4 p.m., 4:30 p.m., or even 5 p.m. would have been a reasonable quitting time, then in terms of the defendant's interests, we are talking about a delay of from one to two hours in commencing voir dire—hardly a significant impairment of Sanchez' right to a speedy trial. In fact, as a result of Sanchez' own desire to seek extraordinary relief, the case has not yet been completed.

As to the good faith of the Los Angeles Municipal Court in general and Judge Brown in particular, the superior court's emphasis on a "normal" court day was unfortunate. In terms of the Gregorian calendar, modern American customs and 50 underpaid citizen jurors, Friday afternoon December 30, 1977, was not a "normal" day. The early recess was well within Judge Brown's discretion and in terms of the issues here presented was totally insignificant.

The fact that voir dire was not commenced on December 30, 1977, is not determinative of whether the trial had commenced on that date. Focus on voir dire of the jury would leave us inextricably mired. We would then be confronted with questions of how much voir dire is enough to constitute starting a trial—one question, two questions, completion by one side, completion by both sides?

We hold that, where, as here, the record objectively shows that a case is assigned for trial to a judge who is available to try the case and the court has committed its resources to the trial, the parties answer ready and a panel of prospective jurors is summoned and sworn, the trial process has commenced and defendant has been "brought to trial" as that term is used in Penal Code section 1382. In so holding, we do not mean to imply that these factors are the exclusive and necessary elements in all cases. Other possibilities will have to await future litigation.

Furthermore, we do not rule out the possibility that in any given case subsequent events may disclose that the court was not in fact available or ready to process the case to conclusion without unnecessary delay. In such case it could then appear that the trial had not in fact commenced. But we reiterate that such a determination must be made from the objective record.

The judgment is reversed and the matter is remanded to the superior court with directions to enter a judgment denying the petition for writ of prohibition.

Fleming, Acting P. J., and Beach, J., concurred.

A petition for a rehearing was denied November 7, 1979, and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied December 27, 1979. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.