Opinion
NEWMAN, J.
The People appeal from a trial court order granting defendant’s motion to dismiss her case. The trial court dismissed the case after finding that the People were not ready to proceed. For the reasons discussed below, we reverse the trial court’s order.
By misdemeanor complaint filed August 7, 1986, defendant was charged with violating Health and Safety Code section 11377, subdivision (a) (unlawful possession of a controlled substance). Defendant was arraigned on August 8, and pleaded not guilty to the charge. At arraignment, defendant noticed a motion to suppress evidence (Pen. Code, § 1538.5)[1] to be heard just prior to trial.
After several continuances, both the People and defendant announced they were ready to proceed on September 26. The calendar court trailed the *Supp. 7 case until October 6, the last day of the 10-day grace period provided by section 1382. On October 6, the case was transferred from the calendar court to a trial court.
When the case was first called by the trial court at 3:24 p.m., defense counsel sought to proceed on the section 1538.5 motion. The People advised the court that one police officer was on his way but would not arrive at court until approximately 4 p.m.
The court inquired whether defendant would consent to trail the matter until the next day. Defense counsel replied that she would object to trailing and move to dismiss if the People were not ready to proceed that day as it was day 10 of the 10-day trailing period. The prosecutor ádvised the court that the officer, who was in an “on call” status, was not present because he could not be told to which courtroom or courthouse to go since no courts were available earlier that day. The prosecutor said she spoke with the officer about 2:45 p.m. and left instructions for the officer on the door of the calendar court informing him of the assigned trial court. The trial judge advised the prosecutor that he would dismiss the case if the officer was not present at 4 p.m.
At 4 p.m., the court called defendant’s case and inquired about the People’s readiness to proceed. The prosecutor announced the People were ready to proceed to trial. When the court asked how that would be possible without any police officers as witnesses, the prosecutor said “Well, as he’s not our witness, Your Honor, really it’s the defense motion. The 1538.5 is the defense motion.” She further indicated that the People had not stipulated to the absence of an arrest or a search warrant.
At 4:02 p.m. the court found the People were not ready to proceed in that witnesses were absent and dismissed the case. On November 4, 1986, the People filed a notice of appeal. They subsequently moved to amend the notice on the ground that they had inadvertently used an incorrect case number (of a companion case) on the notice. The motion was granted.
We find this appeal to be timely filed. We agree with the People that their motion to amend the municipal court case number on the notice of appeal was intended to correct an inadvertent clerical error; it was not intended to substitute one case for another in the midst of the appellate process. (Cf. Thompson v. Keckler (1964) 228 Cal.App.2d 199 [39 Cal.Rptr. 267]; Girard v. Monrovia City School Dist. (1953) 121 Cal.App.2d 737 [264 P.2d 115].) We note that defendant at no time objected to the motion by the People to so amend.
*Supp. 8 We turn to the substantive issues in the appeal. We conclude that the trial court abused its discretion by prematurely dismissing the case.
At the time the case was transferred from the calendar court to the trial court, at 3:24 p.m. on October 6, which we will assume for the purposes of argument was the last day (cf. Bryant v. Superior Court (1986) 186 Cal.App.3d 483, 486 [230 Cal.Rptr. 777]), the People announced that they were ready to proceed to trial. Before trial could commence, the court was required to hear a motion to suppress evidence brought by the defendant pursuant to section 1538.5.
In a suppression motion “the initial burden of introducing or producing evidence to make out [the] prima facie case of illegality is on the defendant movant. [Citations.]” (People v. Carson (1970) 4 Cal.App.3d 782, 786 [84 Cal.Rptr. 699]; People v. Manning (1973) 33 Cal.App.3d 586, 600 [109 Cal.Rptr. 531].) The burden then shifts to the People to present evidence establishing the legality of the search or seizure if the defendant has established that such search or seizure was undertaken without a warrant. The matter did not reach this point, however, because at the time the court granted defendant’s motion to dismiss, the officer witness had not arrived at court. Thus, the defendant was never put to his initial burden of producing evidence to present his prima facie case of illegality. The posture of the section 1538.5 motion therefore raises the question of whether or not the defendant was in fact ready to proceed to trial at the time the trial court dismissed the case. In order for the 10-day grace period provided by section 1382 to commence, a defendant must announce that he is unconditionally ready for trial. (Townsend v. Superior Court (1975) 15 Cal.3d 774, 783 [126 Cal.Rptr. 251, 543 P.2d 619].) Defendant could not have been unconditionally ready for trial until the conclusion of the hearing on the section 1538.5 motion. At the time the trial court dismissed the case, the hearing on such motion had not even commenced.
Moreover, even if we were to assume that the defendant was in fact unconditionally ready to proceed to trial on the afternoon of October 6, the trial court precluded commencement of trial by its premature granting of defendant’s motion to dismiss. The trial court assumed that in order for the People actually to be ready for trial their witnesses must be present in court. That proposition is not supported by any authority. “[A]n accused is ‘brought to trial’ within the meaning of section 1382 when a case has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn.” (Rhinehart v. Municipal Court (1984) 35 Cal.3d 772, 780 [200 Cal.Rptr. 916, 677 P.2d 1206], fns. omitted.)
*Supp. 9 In this case, the prosecutor announced that he was ready to proceed. The absence of the People’s witnesses between the hours of 3:24 p.m. and 4 p.m. on October 6 was no impediment to summoning and swearing a panel of prospective jurors. No reason is provided by defendant for not taking the prosecutor at his word that the People were ready to proceed since one officer was on his way to court. Impaneling of prospective jurors, voir dire, and selection of a jury panel to try the case in all likelihood would have required more than the approximate half-hour between the time the case was assigned to the trial court and the time the court granted defendant’s motion to dismiss. If, after jury selection, at the time for presentation of evidence, the People were unable to present witnesses and other evidence, then the matter would have been subject to dismissal in furtherance of justice pursuant to section 1385[2] on the ground that the People were unable to proceed. The conclusion by the trial judge that the absence of the People’s witnesses from the courtroom demonstrated that in fact the People were not ready for trial amounted to no more than speculation at the moment in time when he dismissed the case.
Indeed, the California Supreme Court in Rhinehart v. Municipal Court, supra, 35 Cal.3d at p. 780, approved the holdings of Sanchez v. Municipal Court (1979) 97 Cal.App.3d 806 [159 Cal.Rptr. 91] and People v. Amati (1976) 63 Cal.App.3d Supp. 10 [134 Cal.Rptr. 61]. In Amati, the jury panel was sworn in at 4:30 p.m. on the 45th day after arraignment, the last day under section 1382. A recess was thereafter taken until the next morning. The panel of prospective jurors in Sanchez was sworn on the afternoon of the 45th day after arraignment. After 12 jurors were seated in the jury box, but prior to commencement of voir dire, at approximately 3 p.m., the trial court recessed the case until the next court day. Both the. Sanchez and Amati courts held that the defendant was “brought to trial” within the meaning of section 1382. If the defendants in those cases were in fact timely brought to trial, then by analogy no reason appears why the defendant in the instant case similarly could not have been timely brought to trial.
The record is unclear whether the statutory basis for dismissal was section 1382 or section 1385. Section 1385 does not support dismissal at the time the trial court granted the motion because it had not even commenced hearing on the section 1538.5 motion. If the defendant had established there was no warrant, the burden would then have been on the People to establish probable cause for the search or seizure. If the officers had not been present, *Supp. 10 either the court would have granted the motion to suppress, or the People, in essence, would have been unable to proceed and a dismissal pursuant to section 1385 in furtherance of justice would have been an appropriate exercise of the trial court’s discretion. Assuming that the trial court granted dismissal pursuant to section 1382 on the ground that October 6 was the 10th day for trial and the People’s witnesses were not present at 4 p.m., then the motion was improperly granted because nothing prevented the defendant from being brought to trial. It is clear that this case was dismissed before expiration of the 10-day grace period set forth in section 1382. “[A] dismissal within the 10-day grace period set forth in section 1382 is against legislative policy and thus not in furtherance of justice.” (People v. Rubaum (1980) 110 Cal.App.3d 930, 935 [168 Cal.Rptr. 291].) Thus, the trial court may not transform a dismissal ostensibly and incorrectly predicated upon a violation of defendant’s speedy trial rights into a dismissal in furtherance of justice.
The order of dismissal is reversed.
Cooperman, Acting P. J., and Reese, J., concurred.

All statutory references are to the Penal Code unless otherwise indicated.

Penal Code section 1385 at that time provided: The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.