[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 417 
OPINION
A defendant in a criminal case must be brought to trial within the statutorily prescribed time period unless good cause is shown. (Pen. Code, [1] § 1382, subd. (a).) This appeal[2] presents the following issue: When, on the last day of the prescribed time period, a courtroom becomes ready and available for trial in the late afternoon at a branch court physically remote from the criminal calendar court at the main courthouse and that remoteness prevents the parties and counsel from appearing for trial that day, does the physical remoteness constitute good cause to commence the trial the next day at the branch court? We conclude it does, as we will explain hereafter.
The People appeal the dismissal under section 1382 of an information charging Firme Hassan Hajjaj, who was out of custody on bail during all of the proceedings in this matter, with one felony count of transporting for sale a controlled substance (methamphetamine) in violation of Health and Safety Code section 11379, subdivision (a). After finding no courtrooms available for trial and no good cause to continue the trial beyond the statutory time limit for bringing the case to trial, the calendar court (hereafter the court) granted Hajjaj's motion for dismissal for lack of a speedy trial under section 1382, subdivision (a) (hereafter section 1382(a)), which interprets and implements the state constitutional right to a speedy trial (see Cal. Const., art. I, § 15), and entered the judgment of dismissal on July 29, 2008, [3] the day after the last day on which Hajjaj could have been brought to trial under that subdivision absent a showing of good cause. The record shows that a courtroom became available for the trial of this criminal case late in the afternoon of that last day for trial (July 28) under section 1382(a) at a branch of the Riverside County Superior Court located in Indio, California, but the court, itself located at the Riverside Hall of Justice in the City of Riverside, found it would be futile to send this case to the Indio court for trial because there was not enough time for Hajjaj, his counsel, and the prosecutor to drive to the Indio court before it closed that day.
The People contend (1) the court committed legal error and abused its discretion when it failed to properly consider the availability of civil
judges and courtrooms to handle the last-day criminal trial in this matter; and (2) the court erred by failing to find that the inability of the parties to travel safely to the Indio court for trial on July 28 by the close of the court day was good cause to permit a brief continuance of the trial to the following morning. We conclude that the physical distance of the available and ready Indio branch *Page 419 
courtroom from the court's location in the City of Riverside, which made it impossible for this criminal case to be brought to trial late in the afternoon of the last statutory day for trial, constituted good cause for the court to order Hajjaj, his counsel, and the prosecutor to appear in the Indio court for the commencement of trial beyond the time limit set under section 1382(a). Accordingly, we reverse both the order granting Hajjaj's motion to dismiss and the judgment of dismissal, and remand the matter for further proceedings.[4]
 PROCEDURAL BACKGROUND[5]
On May 2, the Riverside County District Attorney charged Hajjaj in an information with one felony count of selling or transporting methamphetamine in violation of Health and Safety Code section 11379, subdivision (a). The information also alleged that Hajjaj had previously been convicted (in June 1998) of a violation of Health and Safety Code section 11379, subdivision (a) within the meaning of Health and Safety Code section 11370.2, subdivision (a), and he had served a prison term for that offense (Pen. Code, § 667.5, subd. (b)).
At his May 6 arraignment, Hajjaj, who remained free of custody on bail pending trial, pleaded not guilty and denied the sentencing enhancement allegations. The court's minutes indicate that July 7 was the last day for the commencement of the trial.
At the May 28 trial readiness conference, Presiding Judge Michael S. Hider set the matter for trial on June 30. On June 30, Judge Hider trailed the jury trial to July 1.
On July 1, the parties again appeared before Judge Hider and announced they were ready for trial. Judge Hider assigned the matter to the Riverside master calendar department and trailed the jury trial to July 10. The parties stipulated that July 14 was the last day for the commencement of the trial.
On July 10, Judge Timothy F. Freer in the master calendar department granted Hajjaj's unopposed motion to continue the trial under section 1050, subdivision (d) (hereafter section 1050(d)) for good cause shown, on the ground Hajjaj's trial counsel, Deputy Public Defender Yusun Kang, was in trial. Hajjaj waived time for trial, and Judge Freer set the matter for trial on *Page 420 
July 16. The court's minutes indicate July 28 was the last day for the commencement of the trial.
On July 16, over defense objection, the court (Judge Mark A. Mandio) on its own motion, found good cause under section 1050(d) for a continuance and trailed the jury trial due to "courtroom unavailability" to July 23, which the court's minutes indicate was "within [the] previous time waiver." The minutes also reflect that the prosecutor was assigned to trial in another department and thus was not available for trial in this case.
On July 23, both parties announced they were ready for trial, and they both stipulated to a motion to trail the trial date pursuant to section 1050 and California Rules of Court, rule 4.115(b).[6] Judge Mandio found good cause for a continuance within the meaning of section 1050(d), granted the stipulated motion, and trailed the trial to July 25. The court's minutes indicate that July 28 remained the last day to commence the trial under the "previous time waiver."
On July 25, the parties again announced they were ready for trial and provided a time estimate of three days for the trial. On its own motion, the court trailed the trial to July 28 "due to courtroom unavailability." Judge Mandio found good cause for a continuance within the meaning of section 1050(d).
A. Monday, July 28 Hearing
On July 28, at 4:04 p.m., at the Riverside Hall of Justice[7] located at 4100 Main Street in the City of Riverside, the court (Judge Thomas H. Cahraman) called this case (and several other criminal cases). Hajjaj was present and not in custody. Both parties indicated they were ready for trial. The court noted it was the last day for commencement of trial in this matter and informed the parties, "I seem to be out of courtrooms." Defense counsel objected to any further delay and, noting the unavailability of a courtroom, asked the court to *Page 421 
set a hearing on a defense motion to dismiss the case. The court indicated that it was inclined to grant the request to set the motion for hearing on July 29 and that its ruling would be to grant the motion.
With leave of court, the prosecutor asked the court a series of questions about the availability of courtrooms throughout the entire court.
About 4:15 p.m., the court interrupted the prosecutor and, after a discussion off the record, indicated that a courtroom had just become available in Indio:[8] "[W]e've been checking with Judge [James S.] Hawkins throughout the day, because he was doing closing arguments in amurder case, and it didn't look like he would open before the end of the day. Now it's 4:15 in the afternoon and he just now opened. And it takes an hour and 20 minutes if you were already in the car. And I just don't think that solves anything." (Italics added.)
The prosecutor asked whether "any of the current felony matters . . . would be willing to accept a time certain starting of tomorrow, knowing that they would have the courtroom, and then not have to go through the dismissal and refile process." The court replied, "I'll ask that again," and then informed the parties that a number of courtrooms were "going to open on Monday," and "a number of people" were coming back from vacation.
The prosecutor then asked the court to send the case out to Judge Hawkins's courtroom in Indio: "With regards to that Judge Hawkins situation, there was one other point I wanted to suggest, is that the Court could send the case out at this point in time. There could be a DA in the courtroom within the next five minutes in Judge Hawkins' court. And, so from our position, the Court could send one of these cases out. We would be ready. There would be a courtroom available, provided there is a jury available."
Indicating it would respond to the prosecutor's request, the court stated, "I'm going to wait until I['ve] heard all of your comments; go ahead."
After asking his last question, the prosecutor concluded by stating: "[T]he People assert there is good cause to continue these cases beyond the statutory period, and would object to setting the matter over for dismissal for tomorrow. With that I submit, [Y]our Honor." (Italics added.)
The court answered the prosecutor's questions, finding that no courtrooms were available for the trial of this and the other cases and that under statutory *Page 422 
and case law "it's not always true that criminal trumps civil." Referring to the availability of Judge Hawkins's courtroom in Indio, the court also found the prosecutor had failed to show good cause to continue the trial: "I don't see how it starts a trial to have a [deputy district attorney] not prepared on it to show up and say, `I'm a DA and I'm in a courtroom[,] when to start the trial, as I understand it, a jury needs to be empaneled, and at least a few questions of court voir dire have to be commenced. [¶] With the defendant not there, the defense lawyer not there, and the DA there who's not prepared, I don't see that that's the start of the trial under the law. And as to whether all of this then tiesup to . . . good cause for continuance . . . to go beyond the statutoryperiods, my understanding is that it does not." (Italics added.)
The court then set Hajjaj's dismissal motion for hearing the next day. The court informed the parties that it "ha[d] an Indio court open tomorrow" and "[m]any courts are opening on Monday."
B. July 29 Hearing on Hajjaj's Dismissal Motion
The next day, July 29, Hajjaj filed his motion to dismiss the information under section 1382(a)(2)(B), asserting he was not brought to trial within 10 days of the date set for trial in violation of his statutory and constitutional speedy trial rights.
The court heard Hajjaj's dismissal motion. In opposition to the motion, the prosecutor argued that "several courtrooms" were available on July 28, and a judge from the Hawthorne courts "could have come over." Referring to the availability of Judge Hawkins and his courtroom in Indio, the prosecutor also argued the case should not be dismissed because "a courtroom did become available yesterday, late afternoon; . . . the People announced ready, and . . . a courtroom was available out in Indio."
The court granted Hajjaj's motion and dismissed the case. The court explained that, "with respect to taking a judge out of the Hawthorne court, where the Administrative Office of the Court[s] has given us three retired judges specifically for purposes of handling civil cases and reducing the civil backlog, this trial Court will not do that." The court addressed and rejected the prosecutor's argument that a courtroom had become available in Indio late in the afternoon on July 28: "There's a balancing that's required, and human issues are involved in civil cases, as well as in criminal. With respect to the courtroom that became available at 4:[15] in Indio, as I understand the law, we don't start a trial by having a prosecutor appear in Indio when the defense lawyer can't be there and the defendant can't be there, when we hear at 4:[15] that a courtroom is available in Indio. It would have been highly artificial to say that the trial started just because the prosecutor assigned to *Page 423 
the Indio office, knowing nothing about the particular trial, showed up in court and said, `I'm a prosecutor,' and . . . it's not the same as starting a trial."
That same day, the people refiled the felony complaint against Hajjaj under a different case number (People v. Hajjaj (Super.Ct. Riverside County, 2008, No. SWF026125)), and Hajjaj was arraigned on that complaint and pleaded not guilty. This appeal from the dismissal of case No. SWF024102 followed.
On December 8, a preliminary hearing was held in the refiled case and Hajjaj was held to answer on all charges. Trial is pending in that matter.[9]
 STANDARD OF REVIEW
A trial court's determination of good cause for a continuance in a statutory speedy trial case is generally reviewed for an abuse of discretion. (People v. Memro (1995) 11 Cal.4th 786, 852-853 [47 Cal.Rptr.2d 219, 905 P.2d 1305]; Baustert v. Superior Court (2005)129 Cal.App.4th 1269, 1275 [29 Cal.Rptr.3d 208].) However, a reviewing court applies the independent or de novo standard of review, which is nondeferential, to a trial court's resolution of a pure question of law or a mixed question of law and fact that is predominantly legal. (People v. Waidla (2000) 22 Cal.4th 690, 730 [94 Cal.Rptr.2d 396,996 P.2d 46].)
 DISCUSSION
The People assert this court must determine the meaning of the phrase "civil matters or proceedings" in section 1050, subdivision (a) "in order to provide guidance to the courts and future parties to criminal actions." We need not, and do not, reach this issue. The dispositive question we must decide is whether the court, in granting Hajjaj's motion for dismissal, committed legal error and abused its discretion by finding that the People failed to show "good cause" within the meaning of section 1382(a) for a continuance of the trial beyond that statutory time limit. In order to resolve this issue, we must decide whether the physical remoteness of the Indio court from the Riverside Hall of Justice in the City of Riverside — one of the circumstances on which the court relied in finding the case could not be "brought to trial" in the Indio court that afternoon — constituted "good cause" under section 1382 for a brief delay in the commencement of the trial. For reasons we shall explain, we conclude the physical remoteness of the *Page 424 
available courtroom in Indio constituted "good cause" within the meaning of section 1382 that justified commencement of the trial beyond the statutory time limit, and thus the court committed legal error and abused its discretion in dismissing this case.
A. Applicable Legal Principles
1. Right to a speedy trial and "good cause" for delay
"The right to a speedy trial is a fundamental right . . . guaranteed by the state and federal Constitutions." (Rhinehart v. Municipal Court
(1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206], citation omitted (Rhinehart), citing Cal. Const., art. I, § 15; U.S. Const., 6th
Amend.) "The Legislature has also provided for `"a speedy and public" trial as one of the fundamental rights preserved to a defendant in a criminal action.'" (Rhinehart, supra, at p. 776, quoting § 686, subd. 1.)
The Legislature enacted section 1382 to codify and implement an accused's constitutional and statutory right to a speedy trial. (Rhinehart, supra, 35 Cal.3d at pp. 776, 783-784; Sanchez v. MunicipalCourt (1979) 97 Cal.App.3d 806, 810 [159 Cal.Rptr. 91].) That section, which prescribes certain time periods within which an accused must be "brought to trial," provides in part: "The court, unless goodcause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (2) In a felony case, when adefendant is not brought to trial within 60 days of the defendant'sarraignment on an . . . information. . . . However, an action shall not be dismissed under this paragraph if either of the following circumstances exist: [¶] . . . [¶] (B) The defendant requests or consents to the setting of a trial date beyond the 60-day period. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." (§ 1382(a)(2)(B), italics added.)
The limitation periods set forth in section 1382(a)(2) for bringing a case to trial are not absolute, and an accused may be "brought to trial" beyond the applicable period "(1) for good cause, (2) at the request of the defendant, (3) with the defendant's consent, either express or implied, or (4) when the defendant fails to appear." (People v. Malone
(1987) 192 Cal.App.3d 1096, 1103 [237 Cal.Rptr. 794], italics added; see also People v. Johnson (1980) 26 Cal.3d 557, 569 [162 Cal.Rptr. 431, 606 P.2d 738] [under the "good cause" provision of § 1382(a), if a criminal case is "brought to trial" beyond the statutory time limit without the request or consent of the defendant, the court must dismiss the action unless "good cause" is shown].) *Page 425 
Although section 1382 permits a felony case to be "brought to trial" beyond the statutory time limits set forth in that section on a showing of "good cause," it does not define the term "good cause." (§ 1382; see also Greenberger v. Superior Court (1990) 219 Cal.App.3d 487, 495 [267 Cal.Rptr. 849].) The California Supreme Court has explained that "[w]hether . . . good cause exists depends upon the circumstances of the case" (Rhinehart, supra, 35 Cal.3d at p. 781), and "[w]hat constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court" (People v. Johnson, supra,26 Cal.3d at p. 570).
By way of illustration, the high court in Johnson indicated that the courts have held that delay caused by the defendant's conduct, delay for the defendant's benefit, and delay arising from unforeseen circumstances such as the unexpected illness or unavailability of counsel or witnesses all constitute good cause to avoid dismissal under section 1382(a). (People v. Johnson, supra, 26 Cal.3d at p. 570.)
The courts have also held that "good cause" under section 1382 for delay in bringing a criminal case to trial includes the defendant's being on trial for murder in another city (People v. Gates (1987) 43 Cal.3d 1168,1190-1192 [240 Cal.Rptr. 666, 743 P.2d 301]), a delay attributable to a codefendant's need for a continuance to adequately prepare for trial (Greenberger v. Superior Court, supra, 219 Cal.App.3d at pp. 492,500-501), the unavailability of a public defender due to a trial in another case (Eshaghian v. Municipal Court (1985) 168 Cal.App.3d 1070,1078-1079 [214 Cal.Rptr. 712]), the delayed transportation of the defendant from state prison and trial preparation by the defense attorney (People v. Malone, supra, 192 Cal.App.3d at pp. 1104-1105); and a surge of in-custody, no time waiver cases (People v. Gopal (1985)171 Cal.App.3d 524, 544-546 [217 Cal.Rptr. 487]). The People's exercise of a peremptory challenge under Code of Civil Procedure section170.6 against the only available trial judge also constitutes "good cause" for bringing a criminal case to trial beyond the applicable statutory time limit. (Bryant v. Superior Court (1986)186 Cal.App.3d 483, 501 [230 Cal.Rptr. 777].)
However, "[c]ourt congestion will constitute good cause only when the congestion is `attributable to exceptional circumstances.'" (Rhinehart,supra, 35 Cal.3d at p. 782, citing People v. Johnson, supra,26 Cal.3d at pp. 571-572, fn. omitted; see also 5 Witkin Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 274, p. 421.)
The burden of showing "good cause" for bringing a criminal defendant to trial beyond the applicable statutory time limit set forth in section 1382 is on the prosecution. (Rhinehart, supra, 35 Cal.3d at p. 781.) *Page 426 
2. Meaning of "brought to trial" in section 1382(a)
For purposes of section 1382, the California Supreme Court has explained that "`[t]here is no talismanic phrase which can be used to describe the precise point at which an individual has been "brought to trial." The outside limits of the area can easily be established. A defendant has obviously been "brought to trial" when the judgment or verdict is rendered in the case. On the other hand, a defendant has certainly not been brought to trial prior to the day when the trial is scheduled and both parties appear and announce that they are ready to proceed.'" (Rhinehart, supra, 35 Cal.3d at p. 777, italics omitted, quoting Sanchez v. Municipal Court, supra, 97 Cal.App.3d at p. 810.)
In construing the phrase "brought to trial" in section 1382(a), the high court in Rhinehart stated that a defendant is "brought to trial" when "a case has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn. . . ." (Rhinehart, supra, 35 Cal.3d at p. 780, fns. omitted; see also Sanchezv. Municipal Court, supra, 97 Cal.App.3d at p. 813 [A defendant is "brought to trial" within the meaning of section 1382 when the record objectively shows the case is "assigned for trial to a judge who is available to try the case and the court has committed its resources to the trial, the parties answer ready and a panel of prospective jurors is summoned and sworn. . . ."].)
B. Analysis
The record and judicially noticed facts establish for purposes of section 1382(a) that the People demonstrated good cause to commence the trial in this case on July 29, one day beyond the statutory time limit for bringing this case to trial. As already discussed, July 28 was the last day on which Hajjaj could be "brought to trial" under section 1382(a) in the absence of good cause for a delay beyond that statutory time limit. At the hearing conducted in department 63 at the Riverside Hall of Justice in the City of Riverside in the afternoon on July 28, the court called this felony case (along with several other criminal cases) and the parties announced they were ready for trial. At 4:15 p.m., the court informed the parties that Judge Hawkins, who had been presiding over a murder case in the Indio court, had "just now opened," and shortly thereafter the court told the parties, "I have an Indio court open tomorrow."
We presume from the court's findings that Judge Hawkins's courtroom in Indio had "just now opened" and that "I have an Indio court open tomorrow," *Page 427 
that a panel of prospective jurors was available and could have been summoned and sworn in this matter at the Indio court both at 4:15 p.m. on July 28 and the next day. Nothing in the record suggests otherwise. However, the court did not assign this case to the Indio court for trial, noting it would take Hajjaj, his counsel and the prosecutor an hour and 20 minutes to drive there.[10] The next day, the court dismissed this case under section 1382(a) on the grounds it was not brought to trial within the applicable statutory time limit, implicitly finding the People had failed to show good cause for delay.
The foregoing shows that the circumstance that both prevented Hajjaj, his defense counsel, and the prosecutor from appearing before Judge Hawkins for trial on July 28 in the available criminal courtroom at the Indio court and prevented a panel of prospective jurors from being summoned and sworn there that afternoon was the physical remoteness of the Indio court from the Riverside Hall of Justice. We are persuaded that had Judge Hawkins's courtroom been located at the Riverside Hall of Justice, this case would have been brought to trial within the statutory time period governed by section 1382(a).
We are also persuaded that in the exercise of its legal discretion, the court should have found that the prosecution met its burden of showing good cause under section 1382(a) for a one-day delay in the commencement of the trial to allow Hajjaj (who was not in custody and would have suffered no prejudice from such a brief delay), his trial counsel, and the prosecutor to safely travel to the Indio court for trial. In granting Hajjaj's motion for dismissal, the court overlooked the fact that in a large and populous county like the County of Riverside, which is served by one superior court consisting of a central courthouse (the Riverside Hall of Justice) and various outlying branch facilities (such as the Indio court), the administration of justice and the efficient utilization of limited judicial resources may require the parties to a criminal proceeding to travel to a distant court facility.
In his motion for dismissal, Hajjaj relied on the Supreme Court's statements in Rhinehart, supra, 35 Cal.3d at page 780, that a defendant is "brought to trial" within the meaning of section 1382 when "a case has been called for trial by a judge who is normally available and ready to try the case to conclusion" and that "[t]he court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn." In supplemental briefing on appeal, [11] *Page 428 
Hajjaj — apparently in response to the People's suggestion that a deputy district attorney assigned to the Indio court could have made an appearance in Judge Hawkins's courtroom late in the afternoon on July 28 for the purpose of swearing in a panel of prospective jurors in an attempt to bring this case to trial for purposes of section 1382 — relies on Rhinehart for the proposition that "[h]aving an unprepared [deputy district attorney] (who may or may not actually have been available), no defendant, no defense attorney, and no jury does not meet the requirements for bringing a case to trial within the meaning of . . . section 1382."
We reject the People's suggestion that the appearance in Judge Hawkins's courtroom — late in the day on July 28 — of a deputy district attorney in Indio, without the presence of Hajjaj and his counsel of record, would have satisfied the Rhinehart requirements for bringing this case to trial within the meaning of section 1382. Hajjaj's reliance onRhinehart is unavailing, however, to the extent he urges affirmance of the court's dismissal of this case, as the issue here is whether good cause existed in this case for the court to assign this case to the Indio court for trial beyond the July 28 statutory limit.
We hold that when, on the last day of the statutorily prescribed time period for commencement of trial in a criminal case, a courtroom becomes ready and available for trial in the late afternoon at a branch court that is physically remote from the criminal calendar court at the main courthouse and that remoteness prevents the parties and counsel from appearing for trial that day, the physical remoteness constitutes good cause within the meaning of section 1382(a) to commence the trial the next day at the branch court.
Here, as already discussed, this criminal case would have been brought to trial at the Indio court late in the day on July 28, the last day under section 1382(a) for commencement of the trial, but for the physical distance of the Indio court from the Riverside Hall of Justice where the case was called for assignment to a trial department. It is undisputed that because Judge Hawkins's courtroom became available at 4:15 p.m. on July 28, the distance of about 76 miles from the Riverside Hall of Justice to the Indio court made it impossible for Hajjaj, his counsel, and the assigned prosecutor to travel to Indio and commence the trial in this matter before the Indio court closed that day. We conclude that the physical remoteness of the Indio court *Page 429 
from the Riverside Hall of Justice constituted good cause within the meaning of section 1382(a) that justified commencement of the trial beyond the statutory time limit to allow Hajjaj, his counsel, and the prosecutor to travel to the Indio court for the trial in this matter. We thus also conclude the court erred in granting Hajjaj's motion and dismissing this case. Accordingly, we reverse both the order granting Hajjaj's dismissal motion and the ensuing judgment of dismissal and remand the matter for further proceedings.
 DISPOSITION
The order granting Hajjaj's motion to dismiss and the judgment of dismissal are reversed, and the matter is remanded for further proceedings.
McConnell, P. J., and Benke, J., concurred.
[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] By order dated March 11, 2009, the California Supreme Court transferred this appeal from Division Two to Division One of the Fourth Appellate District of the Court of Appeal.
[3] All further dates are to calendar year 2008.
[4] In light of our conclusions, we need not address the People's contention that the court erred by failing to properly consider the availability of civil judges and courtrooms to handle the last-day criminal trial in this matter.
[5] We need not summarize the factual background of this case as it is not relevant to the issues presented on appeal, which pertain to Hajjaj's constitutional right to a speedy trial.
[6] All further rule references are to the California Rules of Court. Rule 4.115(b) provides: "Any request for a continuance, including a request to trail the trial date, must comply with rule 4.113 and the requirement in section 1050 to show good cause to continue a hearing in a criminal proceeding. Active management of trial calendars is necessary to minimize the number of statutory dismissals. Accordingly, courts should avoid calendaring or trailing criminal cases for trial to the last day permitted for trial under section 1382. Courts must implement calendar management procedures, in accordance with local conditions and needs, to ensure that criminal cases are assigned to trial departments before the last day permitted for trial under section 1382."
[7] We take judicial notice under Evidence Code sections 452, subdivision (g) and 459, subdivision (a), that the court facility located at 4100 Main Street in the City of Riverside is known as the Riverside Hall of Justice.
[8] We take judicial notice under Evidence Code sections 452, subdivision (g) and 459, subdivision (a), that the Indio court facility is located at 46-200 Oasis Street in Indio, California — about 76 miles from the Riverside Hall of Justice in the City of Riverside — and is known as the Larson Justice Center (hereafter the Indio court).
[9] Although the charges have been refiled against Hajjaj and trial is pending, we certify this opinion for publication because it establishes a new rule of law and involves a legal issue of continuing public interest. (Rule 8.1105(c)(1), (6).)
[10] We grant Hajjaj's request for judicial notice that the distance from the Riverside Hall of Justice to the Indio court is about 76 miles, with a travel time of 1 hour and 16 minutes at an average speed of 65 miles per hour. (Evid. Code, §§ 452, subd. (g), 459, subd. (a).)
[11] This court requested that the parties file simultaneous letters briefs addressing the following two questions: (1) "Given that a judge (Judge Hawkins) at the Indio Court was available and ready to try this case late in the afternoon on July 28, 2008, within the time limits specified in Penal Code section 1382, did the physical remoteness of the Indio Court from the Riverside Hall of Justice, which made it physically impossible to bring this case to trial that afternoon, constitute good cause within the meaning of that section for a continuance of the trial to the following day, July 29?"; and (2) "Is Rhinehart v. MunicipalCourt (1984) 35 Cal.3d 772 [200 Cal.Rptr. 916, 677 P.2d 1206] distinguishable in that the failure to bring that case to trial within the statutory time limit resulted from court congestion rather than the physical remoteness of an available courtroom?" *Page 430